IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES W. BRADY,

        Plaintiff,                    No. CIV S-07-1779 JAM KJM P

    vs.

STEWART, et al.,

        Defendants.             ORDER

_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendants Adams and Stewart (defendants) are employees of the California Department of Corrections and Rehabilitation (CDCR). This action is proceeding against defendants based upon alleged violations of the First and Eighth Amendments. Defendants' motion to dismiss is before the court.

        Defendants assert that plaintiff's remaining claims should be dismissed for failure to state a claim upon which relief can be granted. In considering such a motion, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

1

must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 127 S. Ct. 1955, 1964-65 (2007).

In his complaint, plaintiff alleges that during some unspecified period of time the restroom in the chapel at California State Prison Sacramento (CSP-Sac) was not made available to him during chapel services. This was particularly problematic for plaintiff because he suffered from diarrhea for six years. Plaintiff identifies defendant Stewart as a chaplain and defendant Adams as an "appeals investigator" at CSP-Sac. Plaintiff claims their actions caused him to "soil his clothing" on some unspecified date by denying plaintiff restroom breaks. Compl. at 2-3.

As a threshold matter, plaintiff fails to point to anything indicating either defendant had the authority to allow plaintiff bathroom breaks while in the chapel. A review of the documents attached to plaintiff's complaint suggests neither defendant had such authority because the bathroom had been declared a security risk. See, e.g., Compl., Ex. A at 3. Second, plaintiff fails to indicate how the particularized actions of either defendant led to plaintiff's suffering any cognizable injury, including repeated soiling of himself, serious pain, or being barred from attending religious services.

In light of these defects, the court will dismiss plaintiff's complaint. Because, however, the court is not persuaded at this stage that the defects cannot be cured, it will grant plaintiff leave to file an amended complaint. With respect to the contents of his amended complaint, plaintiff is informed as follows:

1. To state a claim upon which relief can be granted for a violation of the Eighth Amendment, plaintiff must point to specific acts or omissions by defendants that are sufficiently harmful to evidence deliberate indifference to a serious risk of harm. Farmer v. Brennan, 511 U.S. 825, 834 (1991). Within the context of his claims, if he is able to do so while complying fully with Federal Rule of Civil Procedure 11, plaintiff must point to facts showing defendants had the authority to grant plaintiff access to the chapel restroom, they did not despite the fact they

/////

were aware of a serious medical condition requiring such access and cognizable injuries resulted from defendants' actions.

2. To state a claim for a violation of the Free Exercise Clause of the First Amendment, again if he is able while complying with Rule 11, plaintiff must allege facts showing that defendants burdened his practice of religion by preventing him from engaging in conduct mandated by his faith without any justification reasonably related to interests concerning the care of incarcerated persons. See Freeman v. Arpaio, 125 F.3d 732, 736 (1997). At a minimum, plaintiff must allege that defendants prevented him from exercising his religion, how they did so, and that their actions were not justified as explained above.

3. Plaintiff must allege with particularity overt acts or omissions in which defendants engaged that support plaintiff's claim. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). For example, it is not acceptable for plaintiff to simply allege defendants were "deliberately indifferent" or that they subjected him to a serious risk of harm. He must allege facts demonstrating as much.

4. Finally, plaintiff's amended complaint must be complete in itself. In other words, the court will not refer to plaintiff original complaint for any reason because, by this order, the complaint will be dismissed. See Local Rule 15-220.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (#17) is granted;

2. Plaintiff's complaint is dismissed;

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended

/////

1 complaint in accordance with this order will result in a recommendation that this action be
2 dismissed.
3     4. Defendants Stewart and Adams need take no further action until directed to do
4 so by the court.
5 DATED: March 12, 2009.

_____
U.S. MAGISTRATE JUDGE

1
brad1779.57